IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
1999 OCT -4 AM 9 16
CLERK'S OFFICE
U.S. DISTRICT COURT

MARINE OFFICE OF AMERICA CORP &
FERROMONTAN INC./OTTO WOLF
    Plaintiffs

v.

LILAC MARINE CORPORATION, ET ALS.

    Defendants

CIVIL NO. 98-2359 P(EG)

**INITIAL SCHEDULING CONFERENCE ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, which requires the Court to schedule and plan the course of all litigation to achieve just, speedy and inexpensive determinations, it is hereby ORDERED that:

1. Counsel will meet with the Court in chambers on, **November 18, 1999 at 10:30 a.m.,** for the following purposes:

    a) disclosing all material facts and bringing forth evidence to show such facts;

    b) entering into stipulations of fact;

    c) informing the Court of the legal contentions of the parties and their theories of the case;

    d) announcing all documentary evidence; and

    e) discussing settlement.

One of the objectives of the conference is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case; therefore, counsel attending the conference are expected to be conversant with the facts



AO 72A
(Rev.8/82)

**CIVIL NO. 98-2359 (GG)**

and the law so that they are able to enter into such agreements. Counsel should be ready to respond to such queries as the court may deem appropriate to discuss settlement prospects. As required by Rule 16(c) of the Federal Rules of Civil Procedure, "[a]t least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed." Failure to participate in good faith, or participating while being substantially unprepared, are noncompliant acts under Rules 16(f) and 41(b) that may result in sanctions, including the payment of reasonable expenses incurred because of the noncompliance or fines levied upon attorneys personally, the dismissal of the complaint, the prohibition of certain witness's testimony and the admission of facts.

    The Court will issue an Initial Scheduling and Case Management Order following the conference which will set forth all matters covered during the Initial Scheduling Conference ("ISC"), including preliminary orders of the Court and a schedule. The attorneys who attend this Scheduling Conference must be adequately prepared with the necessary materials on hand, <u>i.e.</u> **datebooks, etc.**, and fully authorized to suggest specific dates for the items to be scheduled.

    The parties are on notice of the Orders of the Court as of the date of the Conference, however, and will not be excused from

**CIVIL NO. 98-2359 (GG)**

following an Order of the Court on grounds that they received a copy of the ISC Order after the date at issue has passed.

    2. The parties are **ORDERED** to file **five (5) days prior to the Initial Scheduling Conference,** a **joint** memorandum which (i) discusses their factual and legal contentions, (ii) sets forth proposed uncontested facts, and (iii) lists their documentary evidence. The memorandum may also include any other matter(s) deemed appropriate. Courtesy copies of the ISC memos must be delivered to the Judge's chambers **at least five days prior to the Conference.** Failure to do so will result in appropriate sanctions.

    3. All filings must be prepared to the best of the lawyers' knowledge, information and belief, formed after reasonable inquiry. Sanctions will be imposed for the filings not well grounded in fact.

San Juan, Puerto Rico, this 4th day of October, 1999.

    FRANCES RIOS DE MORAN, CLERK

By: LYDIA ALICEA (for Alicea)
    COURTROOM DEPUTY CLERK

3